UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE CHANDLER,

                              CASE NO. 11-10080
    Plaintiff,                  HON. LAWRENCE P. ZATKOFF

v.

CHASE, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, and BANK
OF AMERICA,

    Defendants.
_____/

**<u>OPINION AND ORDER</u>**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 13, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants Chase ("Chase") and Mortgage Electronic Registration Systems's ("MERS") motion to dismiss, or alternatively, for more definite statement [dkt 7]; Defendant Bank of America's ("BAC") motion to dismiss and concurrence with Chase and MERS's motion to dismiss or more definite statement [dkt 13]; Plaintiff's motion to strike all of Defendants' motions for violations of Fed. R. Civ. P. 11(a) [dkt 15]; and Plaintiff's motion for judicial notice [dkt 20] . Plaintiff filed a response to Chase and MERS's motion to dismiss or more definite statement, and BAC filed a response to Plaintiff's motion to strike. Neither party has filed reply briefs, and Defendants have not yet responded to Plaintiff's motion for judicial notice. Nonetheless, the Court finds that the facts and legal arguments are adequately presented in the

parties' papers such that the decision process would not be significantly aided by oral argument or additional briefing. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Chase and MERS's motion to dismiss is GRANTED and their request for more definite statement is DENIED; BAC's motion to dismiss is GRANTED; Plaintiff's motion to strike is DENIED; and Plaintiff's motion for judicial notice is DENIED.

## II. BACKGROUND

On April 30, 2007, Plaintiff obtained two refinance mortgage loans from nonparty Quicken Loans, Inc. ("Quicken"). The first loan was in the amount of $218,400, and the second loan was in the amount of $40,950. Quicken assigned the second note to Countrywide Bank, FSB ("Countrywide"). By merger, BAC is the successor to Countrywide. At the closing, Plaintiff also granted a mortgage to MERS as security for the second loan on the property located at Leewright Avenue, Southfield, Michigan. Plaintiff accepted the proceeds of the second loan and has made payments on the loan for nearly four years, ceasing in December 2010.

On January 7, 2011, Plaintiff filed her *pro se* Complaint for quiet title and demand for declaratory judgment. Plaintiff alleges that she was coerced, deceived and defrauded by acts of non-disclosure when she signed the relevant loan documents. Plaintiff further alleges that Defendants are asserting title over her property based on a counterfeit copy of the mortgage note. Plaintiff's Complaint then makes six allegations, which the Court recites in full:

> 1. The Plaintiff is the real party of interest for 22811 Lee Wright Southfield MI 48033 as shown by the county record and evidenced by the original note signed by the Plaintiff to purchase Said Property.
>
> 2. There is no evidence that CHASE, BANK OF AMERICA OR MORTGAGE ELECTRONIC REGISTRATION SYSTEMS is the

>holder of the original promissory note.
>
>3. There is no evidence that the Plaintiff is not the holder of the original promissory note.
>
>4. There is no evidence that CHASE, BANK OF AMERICA AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS did not securitize the allege promissory note which would deemed [sic] the note as null and void.
>
>5. There is no evidence that CHASE; BANK OF AMERICA AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS suffered a money loss.
>
>6. There is no evidence that the Agents of CHASE, BANK OF AMERICA AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS has not committed Securities Fraud by alleging to be owners/servicers of the promissory note attached to property address 22811 Lee Wright Southfield MI 48033.

Following the six allegations quoted above, Plaintiff's Complaint lists 35 questions that she alleges Defendants are required to answer because there was an alleged loan and Defendants have her social security number. Plaintiff's Complaint also contains a paragraph of nonsensical language, entitled "The Question of Lawful Consideration," which appears to compare writing a "bad" check to a counterfeit loan note. Plaintiff concludes her Complaint by seeking: (1) recision of the mortgage and note encumbering her property; (2) damages in an amount between $200 and $2000 (Plaintiff cites no authority for such relief); (3) damages for violation of the Unfair and Deceptive Acts and Practice (Plaintiff cites to no state or federal statute); (4) damages for usurious interest (Plaintiff cites no authority for such relief); (5) damages in the amount of the down payment and interest paid on the note; and (6) the cost of litigation pursuant to 15 U.S.C. § 1601, *et. seq.*

Because of the nature of Plaintiff's Complaint, *i.e.*, its format and list of questions, BAC requested additional time to investigate the claims, which the Court granted. After Chase and MERS

filed their motion to dismiss or for more definite statement, BAC filed its motion to dismiss and concurred in Chase and MERS's motion. Plaintiff then filed her motion to strike all of Defendants' motions due to Defendants' attorneys' violation of Fed. R. Civ. P. 11. In her motion, Plaintiff alleges that the pleadings and motions filed by BAC, among the other defendants, should be stricken for BAC's failure to properly appear as an attorney of record in the matter. Plaintiff also filed a motion for judicial notice, requesting that the Court take judicial notice of four consent orders issued by the Comptroller of the Currency. The Court addresses each motion in turn.

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by

reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

### A. PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Plaintiff's motion for judicial notice contains four consent orders issued by the Comptroller of the Currency. Plaintiff contends that the consent orders will guide the Court in several novel and complex issues of the law in this case. Thus, Plaintiff contends that pursuant to Fed. R. Civ. P. 201(d), this Court must take judicial notice of the four consent orders.

Rule 201 governs when a court must or may take judicial notice of adjudicative facts. Fed. R. Civ. P. 201(a). The notes to Rule 201 further clarify the meaning of "adjudicative facts." An "adjudicative fact" is a fact that is specific and particular to a case. *Id.* at 201 (advisory committee's note to (a)). In contrast, "legislative facts" are "those which have relevance to legal reasoning and the law making process," including "the formulation of a legal principle" or legal ruling. *Id.*

The Court has reviewed Plaintiff's motion and declines to take judicial notice of the consent orders contained therein. Plaintiff's contention that the consent orders will provide the Court with guidance on the legal theories in this case indicates that such facts are "legislative facts." As provided in Fed. R. Civ. P. 201, the Court must only take judicial notice of "adjudicative facts;" thus, the legal theories cited within the consent orders may not be judicially noticed. Accordingly, Plaintiff's motion for judicial notice is denied.

**B. PLAINTIFF'S MOTION TO STRIKE**

Plaintiff states that BAC's counsel failed to properly appear as counsel of record before filing its Motion to Dismiss. Plaintiff claims, by allowing Defendants to violate the Court's procedural rules, the Court's conduct has prejudiced Plaintiff. Due to such "outrageous and unacceptable" conduct, Plaintiff demands the Court to strike any and all motions, pleadings, and documents entered by Defendants pursuant to Fed. R. Civ. P. 11.

According to Fed. R. Civ. P. 11, a pleading, motion, and other papers "must be signed by at least one attorney of record." Fed. R. Civ. P. 11(a). An attorney need not file a formal appearance to be considered an attorney of record for a party. *See Lutomski v. Panther Valley Coin Exch.*, 653 F.2d 270, 271 (6th Cir. 1981) (reversing a district court's entry of judgment against the defendants for failing to file a formal appearance because informal contacts between the parties indicated the defendants' intent to defend the suit). Even if an attorney is considered the attorney of record for a party, a court must strike an unsigned pleading, motion, or paper, unless the omission is promptly corrected after it is called to the attorney's attention. Fed. R. Civ. P. 11(a).

In this case, Plaintiff's claim fails, at a minimum, for three reasons. First, BAC appeared on the record on January 18, 2011, when it requested an extension of time to respond to Plaintiff"s Complaint. BAC also filed a motion to dismiss with the Court. Both filings were signed by BAC's attorney. BAC's filings indicated that it intended to defend and respond to the claims in Plaintiff's Complaint. *See Lutomiski*, 653 F.2d at 271 (holding that "[t]hough it is true that defendants made no formal appearance and filed no papers, courts now look beyond the presence or absence of such formal actions to examine other evidence of active representation."). Second, Plaintiff fails to support his assertion that "filing a pleading is not sufficient notification of representation" with any

6

authority from this Circuit. As such, BAC's counsel appeared on the record in this action, and there is no violation of Fed. R. Civ. P. 11. Third, Plaintiff cites to no authority indicating that BAC's attorney's failure to file a formal appearance is also attributable to Chase and MERS's attorneys, requiring the Court to also strike their pleadings. Therefore, Plaintiff's Motion to Strike is denied.

## C. DEFENDANTS' MOTIONS TO DISMISS OR FOR MORE DEFINITE STATEMENTS

Having determined that Defendants' filings will not be stricken from the record, the Court turns to Defendants' motions to dismiss. Defendants argue that Plaintiff's allegations are confusing, vague and ambiguous, and that Plaintiff's Complaint also fails to conform to Fed. R. Civ. P. 10 and 8. According to Defendants, Plaintiff's Complaint lacks numbered paragraphs pursuant to Fed. R. Civ. P. 10 and fails to include any plain statements showing that Plaintiff is entitled to relief pursuant to Fed. R. Civ. P. 8. Plaintiff responds that Defendants have failed to rebut Plaintiff's claims that Defendants are not a holder in due course, a creditor, or that Defendants issued the Plaintiff a promissory note.

The Court finds that Plaintiff's response is irrelevant, and her Complaint fails to state any claim against Defendants that is plausible on its face. Defendants' have not rebutted Plaintiff's claims because her Complaint is comprised of confusing, vague, and ambiguous allegations. Plaintiff fails to make any specific allegations that identify how each Defendant's conduct arises to a plausible claim. One statement in Plaintiff's Complaint even states that she believes that the activity, which it appears to the Court is using a counterfeit note to claim title to Plaintiff's property, has occurred across state lines, and therefore, she believes Defendants have also violated a "RICO statute." Plaintiff, however, provides no other details that would allow Defendants to even respond with an intellectual defense.

Furthermore, Plaintiff sets forth six statements followed by 35 questions, of which she improperly seeks to have Defendants answer. She then concludes with an incoherent paragraph entitled, "The Question of Lawful Consideration." Plaintiff's six statements only further support the Court's conclusion that Plaintiff's allegations lack any factual support. Similarly, her 35 questions fail to indicate any specific allegations that rise to a plausible claim against Defendants. *See Twombly*, 55 U.S. at 555 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") Following her list of 35 questions, the relief sought fails to relate to the counterfeiting allegations in the introduction of her Complaint. She also fails to cite any authority for why she is entitled to the relief requested. In general, the Complaint is drafted in such a fashion that it lacks any allegations raising a reasonable expectation that discovery will reveal evidence that Defendants violated a federal or state law. *See Id.* at 556.

Although the Court must construe the *pro se* Complaint liberally and resolve ambiguities in Plaintiff's favor, the Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court also will not re-write her deficient Complaint or otherwise serve as counsel for Plaintiff. *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Court further declines to grant Defendants' alternative request for a more definite statement because Plaintiff's other pleadings and papers are deficient in similar respects to Plaintiff's Complaint. It appears to the Court that Plaintiff still would be unable to file a more definite statement that states a claim upon which this Court could grant

relief.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant Chase and MERS's motion to dismiss request for more definite statement [dkt 7] is GRANTED with respect to their motion to dismiss, but DENIED in all other respects.

IT IS FURTHER ORDERED that Defendant BAC's motion to dismiss and concurrence with Defendants Chase and MERS's motion to dismiss or more definite statement [dkt 13] is GRANTED with respect to its motion to dismiss, but DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiff's motion to strike all of Defendants' motions for violations of Fed. R. Civ. P. 11(a) [dkt 15] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for judicial notice [dkt 20] is DENIED.

IT IS SO ORDERED.

                s/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated: July 13, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 13, 2011.

                s/Marie E. Verlinde
                Case Manager
                (810) 984-3290